Case 4:17-cv-02045   Document 27   Filed on 08/21/19 in TXSD   Page 1 of 16

United States District Court
Southern District of Texas
**ENTERED**
August 21, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT       SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| Noe Gerardo Morin, § | |
|    Petitioner, § | |
| § | |
| v. § | |
| § | Civil Action H-17-2045 |
| Lorie Davis, § | |
| Director, Texas Department § | |
| of Criminal Justice, Correctional § | |
| Institutions Division, § | |
|    Respondent. § | |

## Memorandum and Recommendation

Noe Gerardo Morin filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging his conviction for murder and sentence of life imprisonment. (D.E. 15.) Lorie Davis moved for summary judgment. The court recommends that Davis's motion for summary judgment be granted and Morin's petition be denied with prejudice.

### 1. Background

On the night of Saturday, May 14, 2011, Morin killed his friend Marlon Thomas by shooting him in the head near Morin's home on the 600 block of Schweikhardt in Fifth Ward, Houston, Texas. He later went to Wal-Mart to purchase a chainsaw and garbage bags. The next morning, he asked his neighbor Adrian Bias for help repairing the chainsaw. He told Bias that he shot Thomas and showed Thomas's body to Bias. Bias notified several of his neighbors, who called the police that evening. The police found Thomas's body under Morin's house. His head and left arm were severed and put into garbage bags under Morin's house.

The grand jury indicted Morin with felony murder on August 4, 2011. (D.E. 25-15 at 19.) Morin pleaded not guilty. His case proceeded

to trial on September 23–26, 2013. The jury unanimously found Morin guilty of murder on September 26. The jury sentenced Morin to confinement in the Texas Department of Criminal Justice for life.

The Fourteenth Court of Appeals affirmed Morin's conviction. Morin did not file a petition for discretionary review in the Texas Court of Criminal Appeals. Morin filed a state application for writ of habeas corpus on April 18, 2016. The trial court issued findings of fact and conclusions of law on May 24, 2018. On June 20, 2018, the TCCA denied his application without written order on the findings of the trial court without a hearing.

Morin filed a protective federal habeas petition under 28 U.S.C. § 2254 on July 30, 2017. The court stayed the case while Morin exhausted his state remedies. After the stay was lifted, and with leave of court, he filed an amended petition on August 23, 2018. (D.E. 15.)

## 2. Standard of Review for § 2254 Cases

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a federal writ of habeas corpus is available for "a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The court cannot grant habeas relief "with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim . . . resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by" the Supreme Court, or "a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

The state court's factual findings are presumed correct, and the applicant bears the burden to overcome that presumption by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1). "As long as there is 'some indication of the legal basis for the state court's denial of relief,' the district court may infer the state court's factual findings even if they were not expressly made." *Ford v. Davis*, 910 F.3d 232, 235 (5th Cir. 2018). AEDPA requires the court to defer to the state habeas

court's express and implicit findings of fact and conclusions of law. *See Young v. Dretke*, 356 F.3d 616, 628 (5th Cir. 2004).

Where the highest state court denies a habeas petition without accompanying reasons, the court "looks through" to the last reasoned state-court decision on the merits and gives a rebuttable presumption that the higher state court denied the petition in reliance on the lower court's reasoned opinion. *Wilson v. Sellers*, 138 S. Ct. 1188, 1192 (2018); *see also Langley v. Prince*, 926 F.3d 145, 159 (5th Cir. 2019) (applying *Sellers* to defer to the state appellate court's findings).

As discussed below, Morin raised certain claims in his state habeas application that the TCCA did not address on the merits. Where there is no reasoned state-court decision on the merits, the federal court "must determine what arguments or theories . . . could have supported the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the Supreme] Court." *Sexton v. Beaudreaux*, 138 S. Ct. 2555, 2558 (2018); *Mejia v. Davis*, 906 F.3d 307, 314 (5th Cir. 2018). If such disagreement is possible, then the petitioner's claim must be denied. *Beaudreaux*, 138 S. Ct. at 2558. The Supreme Court has often emphasized that "this standard is difficult to meet" "because it was meant to be." *Id.*; *Mejia*, 906 F.3d at 314.

3. *Analysis*

 A. *Ineffective assistance of counsel claims*

  (1) *Legal standard*

Ineffective assistance of counsel claims are reviewed to determine whether counsel's performance was both objectively deficient and actually prejudicial to the defendant. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984); *United States v. Gipson*, 985 F.2d 212, 215 (5th Cir. 1993). To establish deficient performance, the petitioner must overcome the strong presumption that the attorney's conduct fell within a wide range of objectively reasonable professional assistance. *See Strickland*, 466 U.S. at 689. To establish prejudice, the

petitioner is required to show that, but for counsel's unprofessional errors, there is a reasonable probability that the result of the criminal proceeding would have been different. *See Strickland*, 466 U.S. at 694. If the petitioner makes an insufficient showing on one of the components of the inquiry, the court need not address the other. *See id.* at 697.

"Surmounting *Strickland*'s high bar is never an easy task." *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010); *Mejia v. Davis*, 906 F.3d 307, 315 (5th Cir. 2018). It is "all the more difficult" where, as here, a defendant challenges a merits denial of his *Strickland* claim under AEDPA. *Harrington v. Richter*, 562 U.S. 86, 105 (2011); *Mejia*, 906 F.3d at 315. "The standards created by *Strickland* and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." *Harrington*, 562 U.S. at 105; *Mejia*, 906 F.3d at 315 (citing *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009)).

### (2) Appellate counsel

Morin argued to the state habeas court that his appellate counsel were ineffective. (D.E. 25-27 at 10–11.) The state habeas court found that the "totality" of Morin's representation was effective. (D.E. 25-26 at 22.)

Morin's first appointed counsel, Ellis McCullough, filed a brief stating that there were no arguable grounds for error to raise on appeal. (D.E. 24-11 at 5.) He moved to withdraw from representing Morin pursuant to *Anders v. California*, 386 U.S. 738 (1967). At a hearing on April 8, 2014, the 337th District Court of Harris County, Texas, determined that McCullough had not complied with *Anders*'s requirements. (D.E. 24-14 at 4–5.)

The Fourteenth Court of Appeals granted McCullough's motion to withdraw as counsel and struck McCullough's *Anders* brief. (D.E. 24-16 at 1–2.) The court appointed new appellate counsel, Angela Cameron, and granted her motion to reset the appellate briefing schedule. (D.E. 24-16 at 2.) Cameron also filed an *Anders* brief arguing there were no non-frivolous grounds for appeal. (D.E. 24-12 at 15.)

4

The state habeas court found that Morin's counsel was effective. It found that the appellate court concluded that Cameron's *Anders* brief met the *Anders* requirements. (D.E. 25-26 at 17.)

### (a) First appointed counsel

Morin claims that his first appointed appellate counsel, McCullough, was ineffective for filing an insufficient *Anders* brief and for failing to raise meritorious issues on appeal. (D.E. 15 at 6.) Morin argues that McCullough should have raised on appeal that the trial court abused its discretion by:

- failing to make a competency determination (D.E. 15 at 15–16)
- allowing Officer Michael Glover to introduce hearsay testimony (D.E. 15 at 16–19)
- admitting photographs of the victim's severed body parts (D.E. 15 at 19–20)
- failing to properly instruct the jury that its verdict must be unanimous (D.E. 15 at 21–24)

Morin raises ineffective assistance of only his first appellate counsel, McCullough. Any constitutional defect in McCullough's performance was cured when the court granted McCullough's motion to withdraw and substituted Cameron as Morin's attorney.

To the extent Morin raises ineffective assistance of all appellate counsel for failing to raise the trial court abuse-of-discretion claims above, Morin's claim is still meritless. The Fourteenth Court of Appeals reviewed Cameron's *Anders* brief and agreed that the appeal was wholly frivolous and without merit. (D.E. 24-2 at 1–3.) The TCCA appears to have adopted that finding in Morin's state habeas proceedings. (D.E. 25-26 at 17.) As discussed more fully below, *see infra* Section 3(B), all of Morin's claims are meritless, so his appellate counsel were not ineffective for failing to raise them.

### (b) Privately retained counsel

Morin argues that his privately retained appellate counsel, Roy Romo, gave him bad advice, causing him to forego filing a petition for discretionary review in the Texas Court of Criminal Appeals. (D.E. 15 at 6, 24–26.) In support of this claim, Morin attaches a letter his

retained counsel sent to him after the Fourteenth Court of Appeals affirmed his conviction. The letter advised Morin that efforts would be better spent on preparing a state habeas application than on pursuing a petition for discretionary review. (D.E. 15-1 at 30.) Morin does not identify specifically what advice was supposedly defective or how it led him to forego his direct appeal to the TCCA. (*See* D.E. 15 at 23–26.)

Absent state court findings, this court considers "what arguments or theories . . . could have supported the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the Supreme] Court." *Beaudreaux*, 138 S. Ct. at 2558 (2018).

The TCCA implicitly found that a Texas prisoner has no constitutional right to assistance of counsel in filing a PDR and therefore counsel cannot be found ineffective for failing to file a PDR. *See Ross v. Moffitt*, 417 U.S. 600, 610 (1974) (the Constitution does not guarantee right to counsel over discretionary appeals, as opposed to direct appeals); *Moore v. Cockrell*, 313 F.3d 880, 882 (5th Cir. 2002) (denying the petitioner's § 2254 claim that appellate counsel did not notify him of the outcome of his appeal and the right to file for discretionary review). Moreover, Morin does not cite any argument warranting appellate relief that his counsel could have raised in a PDR.

Therefore, habeas relief is denied.

*(3) Trial counsel*

*(a) Competency to stand trial*

Morin argues that his trial counsel, Steven Greenlee, failed to investigate Morin's mental disabilities, hire a psychological expert to evaluate his competency to stand trial, object to the State's psychological competency evaluation, and ensure that the trial court issued a formal competency finding after obtaining a psychological report. (D.E. 15 at 27–28.)

The state habeas court found that Morin's trial counsel's conduct did not fall below the *Strickland* standard or cause prejudice to Morin. (D.E. 25-26 at 21.) Specifically, the state habeas court found that the trial court ordered a psychiatric examination for sanity and competency, that the psychiatrist found that Morin was both competent and sane, that Morin "appeared to be competent in his writings to his attorney and to the court," and that Morin was competent at the time of his trial. (D.E. 25-26 at 18–20.)

This court's review of the record confirms these findings of fact. The trial court ordered that Harris County Psychiatric Services conduct a psychiatric examination to determine Morin's competency and his sanity at the time of the offense. (D.E. 25-15 at 14.) The examining psychologist found that Morin was "presently competent to proceed and his current medication regime should help him maintain competence." (D.E. 25-15 at 23.) Greenlee submitted an affidavit in the state habeas proceedings. (D.E. 25-26 at 10–13.) Greenlee stated his opinion that Morin was competent at trial. (D.E. 25-26 at 10.)

Morin has not shown any likelihood that further investigation of his competency would have changed the outcome of his case. Nor would a formal hearing have had a substantial likelihood of changing the result.

Habeas relief is denied.

### (b) Failure to object to hearsay

Morin argues that his trial counsel was ineffective for failing to object to the admission of Adrian Bias's testimony as hearsay. (D.E. 15 at 28–30.) Adrian Bias testified that Morin confessed to the murder and hiding the body. (D.E. 24-24 at 162–64.) The state habeas court found that Bias's testimony was not hearsay. (D.E. 25-26 at 20.)

Morin has not shown that the state habeas court's findings are contrary to clearly established Federal law. Morin's counsel was not ineffective for failing to object to Bias's testimony because that objection would have been meritless. *Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990) ("[C]ounsel is not required to make futile motions

or objections."). Bias's testimony about what Morin told him was not hearsay because it was a statement by a party opponent. Tex. R. Evid. 801(e)(2)(A); Fed. R. Evid. 801(d)(2)(A). In any event, state evidentiary errors generally are not constitutional violations warranting habeas relief. *Estelle*, 502 U.S. at 67 (1991).

Habeas relief is denied.

### (c) Failure to investigate Brady disclosure information

Morin argues that his trial counsel was ineffective for failing "to investigate or properly cross-examine" information that a witness named Helen Burkes told the prosecutor. (D.E. 15 at 17–18.) The prosecutor disclosed Helen Burkes's statement pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963). According to Helen Burkes, her sister Lucinda Burkes stated the following:

- Lucinda and her friend, Mae Land Kirkwood, were stealing drugs and money from Morin. (D.E. 25-28 at 17.)
- Morin confronted Lucinda and Kirkwood about the thefts, and they told Morin that Thomas was responsible. (*Id.*)
- After telling Morin that Thomas was stealing from him, Morin "transferred his anger to" Thomas and "wanted to confront" Thomas. (*Id.*)
- "They heard the two gunshots sometime later that night." (*Id.*)
- Lucinda had given Morin a gun "at some point." (*Id.*)

Morin raised this ground in his state habeas application. (D.E. 25-27 at 54–56.) The Texas Court of Criminal Appeals denied his application on the merits, finding that Morin's counsel was constitutionally adequate, but without issuing findings of fact or conclusions of law on this ground specifically.

This court therefore "must determine what arguments or theories ... could have supported the state court's decision." *Beaudreaux*, 138 S. Ct. at 2558. After reviewing the entire record, this court concludes that the TCCA found that Morin was not denied effective assistance of counsel, and reasonably could have supported that decision with the following legal and factual analysis.

The state habeas court's decision is supportable because Morin's trial counsel made a sound strategic choice to forego

8

investigating the information provided by Helen Burkes. Morin apparently believes that he was entitled to a jury instruction on a lesser charge based on sudden passion. (*See* D.E. 15 at 32–34.) While Lucinda Burkes and Mae Land Kirkwood may have incited Morin to become angry with Thomas, the information in the *Brady* disclosure does not suggest sudden passion. *See* Tex. Penal Code §§ 19.02(a)(2) (defining sudden passion). In fact, it supports a finding of deliberation and premeditation. Trial counsel was not required to pursue an avenue of investigation that was sure to be fruitless.

At most, fairminded jurists could disagree that those theories are inconsistent with Supreme Court precedent. Habeas relief is denied.

### (d) Failure to object to the jury charge

Morin argues that his trial counsel was ineffective for failing to object to the jury charge for omitting a sudden-passion instruction. (D.E. 15 at 32–33.) The state habeas court found, based on Morin's trial counsel's affidavit, that Morin's trial counsel "did not object to the jury charge for failing to include a sudden passion instruction because the evidence did not support such an instruction and such a request or objection would have been frivolous." (D.E. 25-26 at 21.)

The court's independent review of the evidence presented at trial supports the state habeas court's conclusion that no evidence supported a sudden passion instruction. "Sudden passion" means "passion directly caused by and arising out of provocation by the individual killed . . . which passion arises at the time of the offense and is not solely the result of former provocation." Tex. Penal Code § 19.02(a)(2). No evidence presented at trial suggested that Thomas provoked Morin at the time Morin shot Thomas.

The court finds that the state habeas court's decision was not contrary to, or an unreasonable application of, clearly established Federal law, and was not based on an unreasonable determination of facts. Habeas relief is denied.

### (e) Motion to suppress

Morin argues that his trial counsel was ineffective for failing to object to the admission of evidence obtained in violation of the Fourth Amendment's prohibition against unreasonable search and seizure. (D.E. 15 at 6.) Morin does not identify what evidence was obtained in violation of the Fourth Amendment. His conclusory assertion that his counsel was ineffective for failing to object to the admission of certain evidence is insufficient to raise a cognizable claim on habeas. Morin refers to the State's DNA testing, but does not explain on what basis his counsel should have objected to its admission. (D.E. 15-1 at 7.) "Mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue." *Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990)

Moreover, the state habeas court found that Morin's counsel's affidavit was credible. (D.E. 25-26 at 18, 21.) Morin's trial counsel, Greenlee, did file a motion to suppress DNA evidence but withdrew the motion when he learned that the Houston Police Department had obtained a warrant for the DNA. (D.E. 25-26 at 12.) Greenlee identified no other non-frivolous motions to suppress. (*Id.*)

The court finds that the state habeas court's decision did not involve an unreasonable determination of facts or an unreasonable application of Federal law. Habeas relief is denied.

### (f) Nekeya Allen's testimony

Morin argues that his trial counsel should have objected to the testimony of Nekeya Allen, who stated during her testimony that she is "kind of schizophrenic." (D.E. 24-24 at 121.) Morin argues that his trial counsel should have tried to exclude her testimony due to incompetence.

The state habeas court found, based on Morin's trial counsel's affidavit, that his counsel did not believe it necessary or beneficial to object to Allen's testimony based on her mental health. The state habeas court found Allen "could demonstrate that she knew the difference between the truth and a lie" and that Morin's trial counsel

chose instead to cross-examine Allen based on inconsistencies in her testimony. (D.E. 25-26 at 20.)

The court's independent review of the trial record shows that Morin's trial counsel acted reasonably with respect to Allen's testimony. The court finds no evidence in the record indicating that the trial court would have excluded Allen's testimony had counsel objected. Moreover, counsel cross-examined Allen at length about her narrative of events on the day Morin shot Thomas, and about why she had never disclosed her account of events prior to the day of her testimony on September 24, 2013. (D.E. 24-24 at 135–43.)

The court finds that the state habeas court's decision was not contrary to, or an unreasonable application of, clearly established Federal law, and was not based on an unreasonable determination of facts.

## B. Trial court abuse of discretion

Morin argues that the trial court violated his due process rights by proceeding with his case despite his incompetence, by admitting hearsay testimony of Officer Michael Glover, by admitting prejudicial photos of Thomas's decapitated body, and by improperly instructing the jury. (D.E. 15 at 7, 35–41.)

### (1) Competency to stand trial

Morin argues that the trial court violated his right to due process by failing to make a competency determination after ordering competency and sanity evaluations. (D.E. 15 at 7.)

A habeas petitioner may, on collateral review of his state conviction, obtain relief if he can show that the state procedures were inadequate to ensure that he was competent to stand trial. *Mata v. Johnson*, 210 F.3d 324, 329 (5th Cir. 2000) (citing *Pate v. Robinson*, 383 U.S. 375). Morin has failed to do so.

The trial court ordered a psychological evaluation, which found Morin competent to stand trial. Trial counsel believed Morin to be competent. Morin has failed to demonstrate that any further hearings

or other proceedings would have raised a substantial likelihood of affecting his case. He was not denied due process.

### (2) Officer Glover's testimony

Morin argues that the trial court abused its discretion by admitting the hearsay testimony of Officer Michael Glover. The state habeas court did not issue findings of fact or conclusions of law with respect to this claim. The state habeas court implicitly found that this ground for appeal was frivolous and without merit. (D.E. 25-26 at 17.)

Officer Glover was called to the scene on May 15, 2011. He testified that he heard an unidentified individual say, "That's your man, he's getting away," as Morin walked away from the scene where Thomas's body was discovered. (D.E. 24-23 at 70–73.) Morin's counsel objected based on hearsay. (D.E. 24-23 at 73.) The trial court overruled Morin's objection to the testimony and admitted "the statement not for the truth of the matter asserted, but for . . . what the officer will be testifying for, that it drew his attention to this person and that he found this person suspicious at that point." (D.E. 24-23 at 73.)

To the extent Morin claims violation of state evidence rules, his claim is not cognizable on habeas. *Estelle*, 502 U.S. at 67 (1991) ("[F]ederal habeas corpus relief does not lie for errors of state law."). A federal court will not grant habeas relief for errors in a state trial court's evidentiary rulings, if any, unless those errors resulted in a "denial of fundamental fairness" under the Fourteenth Amendment Due Process Clause. *Neal v. Cain*, 141 F.3d 207, 214 (5th Cir. 1998) (citing *Porter v. Estelle*, 709 F.2d 944, 957 (5th Cir. 1983)).

Given the overwhelming weight of the evidence against Morin, the admission of this statement, even if in error, does not rise to the level of fundamental unfairness. The court also notes that admission of this statement did not violate the Confrontation Clause, because the statement was not "testimonial." *See Michigan v. Bryant*, 562 U.S. 344, 358–59 (2011). The primary purpose of the statement was to assist in law enforcement investigative and public safety efforts. *See id.*

### (3) Prejudicial photos

Morin argues that the state trial court abused its discretion by admitting photographs of Thomas's severed head and arm in garbage bags. He asserts these photos were more prejudicial and inflammatory than probative. (D.E. 15 at 39–41.)

Again, to the extent Morin claims violation of state evidence rules, his claim is not cognizable on habeas. *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) ("[F]ederal habeas corpus relief does not lie for errors of state law.").

The trial court found generally that the photos were "probative [of] the facts before, during, and after, to determine, you know, the mindset of the defendant and what was going on." (D.E. 24-21 at 6–7.) The ruling was not in error, and even if it were, Morin has not demonstrated a constitutional violation. Neither has he shown that exclusion of the photos would have raised a substantial likelihood of altering the outcome of his trial.

### (4) Jury instruction on unanimity of verdict

Morin argues that the trial court abused its discretion by failing to properly instruct the jury that its verdict must be unanimous. (D.E. 15 at 21–23.) The state habeas court implicitly found that this ground for appeal was frivolous and without merit without issuing findings of fact and conclusions of law as to this claim. (D.E. 25-26 at 17.)

The trial court's jury charge was not in error and did not implicate Morin's constitutional due process rights. Texas Courts of Appeal have found that a jury charge like the one in this case does not violate Texas's jury unanimity requirement. *See Diko v. State*, 488 S.W.3d 855, 858–59 (Tex. App.—Fort Worth 2016, pet. ref'd) (collecting cases).

The state habeas court's decision does not result in a decision contrary to, or an unreasonable application of, Supreme Court precedent. There is no Supreme Court precedent finding a substantially similar jury charge unconstitutional. *Cf. Schad v. Arizona*, 501 U.S. 624, 630 (1991) (holding that jurors had to agree

that the defendant committed the act of murder but did not need to be unanimous on whether the defendant committed murder with premeditation or in the course of committing a robbery).

Habeas relief is denied as to this claim.

### C. Sufficiency of the evidence

Morin argues that there was insufficient evidence to convict him of murder. This claim is procedurally defaulted from review by the federal courts.

Prisoners suing under Section 2254 are required to exhaust their claims in state court before applying for federal collateral relief. *Busby v. Dretke*, 359 F.3d 708, 723 (5th Cir. 2004); 28 U.S.C. § 2254(b)(1). To exhaust, a petitioner must "fairly present" all his claims to the state's highest court. *Picard v. Connor*, 404 U.S. 270, 275–76 (1971); *Rose v. Lundy*, 455 U.S. 509, 518–22 (1982); *Duncan v. Henry*, 513 U.S. 364, 365 (1995).

A claim is not exhausted unless the habeas petitioner provides the highest state court with a "fair opportunity to pass upon the claim," which in turn requires that the petitioner "present his claims before the state courts in a procedurally proper manner according to the rules of the state courts." *Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999).

Morin's sufficiency of the evidence claim was not presented to the state courts in a procedurally proper manner. Under Texas law, sufficiency of the evidence cannot be challenged in a postconviction writ of habeas corpus. *See Ex parte Grigsby*, 137 S.W.3d 673, 674 (Tex. Crim. App. 2004) (cited in *Howard v. Davis*, Civ. Action No. 18-2436, 2019 WL 291980, at *3 (S.D. Tex. Jan. 23, 2019)). Morin did not file a petition for discretionary review in the Texas Court of Criminal Appeals. The time to do so has now passed. *See* Tex. R. App. Proc. 68.2.

Failure to raise sufficiency of the evidence on direct appeal is an independent and adequate state procedural bar foreclosing federal habeas review. *See Coleman v. Quarterman*, 456 F.3d 537, 542 (5th Cir. 2006). This claim is procedurally defaulted from federal review.

*West v. Johnson*, 92 F.3d 1385, 1398 (5th Cir. 1996); *see also Renz v. Scott*, 28 F.3d 431, 432 (5th Cir. 1994) (holding sufficiency of the evidence claim procedurally defaulted from federal review because it was not presented to TCCA on direct appeal).

Morin cannot bypass the procedural default. Morin shows no cause for the default. *See Maples v. Thomas*, 565 U.S. 266, 280 (2012) ("Cause for a procedural default exists where something external to the petitioner, something that cannot fairly be attributed to him, impeded his efforts to comply with the State's procedural rule."); *see also Matchett v. Dretke*, 380 F.3d 844, 849 (2004) ("If a petitioner fails to demonstrate cause, the court need not consider whether there is actual prejudice.").

*4. Conclusion*

The court recommends that Davis's motion for summary judgment be granted and Morin's petition be denied with prejudice. Any remaining motions are terminated as moot. Morin has not met his threshold burden of demonstrating that the state habeas court's denial of these claims constitutes an unreasonable application of federal law or an unreasonable determination of the facts in light of the evidence. Similarly, Morin has not made a substantial showing that he was denied a constitutional right or that it is debatable whether this court is correct in its ruling. Therefore, this court recommends that a certificate of appealability not be issued. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The parties have fourteen days from service of this memorandum and recommendation to file written objections. *See* Rule 8(b) of the Rules Governing Section 2254 Cases; 28 U.S.C. § 636(b)(1)(c); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas, on August 21, 2019.

_____
Peter Bray
United States Magistrate Judge